FILED IN CLERK'S OFFICE
U.S.D.C. Rome

APR 28 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Willie Womble and
Priscilla Womble,

    Plaintiffs,

v.

National City Home Loan
Services, Inc., f/k/a
Altegra Credit Company,
America's Servicing Company,
HSBC Bank USA, as trustee
for the CitiGroup Mortgage
Loan Trust, Inc., and Does
1 to 20,

    Defendants.

CIVIL ACTION FILE
NO. 4:04-CV-0271-HLM

ORDER

This is a Truth in Lending Act case. The case is before the Court on the Motion to Dismiss filed by Defendant HSBC Bank USA and Defendant Citigroup Mortgage Loan Trust, Inc. [3], the Motion to Dismiss filed by Defendant National City Home Loan Services, Inc., f/k/a Altegra Credit Company [6], the Report and Recommendation of United States Magistrate Judge Walter E. Johnson [13], and Plaintiffs' Response to Defendants' Motion to Dismiss [14].[1]

---

[1] On April 14, 2005, Plaintiffs filed a document titled "Response in Opposition to Motion to Dismiss." In that document, Plaintiffs also request a stay of the proceedings

1

AO 72A
(Rev. 8/82)

**I.   Background**

**A.   Procedural Background**

On September 30, 2004, Plaintiffs filed this lawsuit in the Superior Court of Walker County, Georgia. On October 29, 2004, Defendants HSBC Bank USA ("Defendant HSBC") and Defendant CitiGroup Mortgage Loan Trust, Inc. ("Defendant CitiGroup") removed the case to this Court pursuant to the Court's federal question jurisdiction.

On November 19, 2004, Defendants HSBC and CitiGroup filed their Motion to Dismiss. On December 21, 2004, Defendant National City Home Loan Services, Inc., f/k/a Altegra Credit Company ("Defendant National City") filed its Motion to Dismiss. On January 5, 2005, Plaintiffs responded to both of the Motions to Dismiss. On February 24, 2005, Plaintiffs filed a Motion to Stay that sought a stay of the proceedings in this case pending an investigation by certain federal agencies.

On April 8, 2004, Judge Johnson issued his Report and

---

pending an investigation by federal agencies. The Court denies the request for a stay for the same reasons as stated by Judge Johnson in his Report and Recommendation denying Plaintiffs' request for a stay. (Report & Recommendation at 11.)

To the extent that Plaintiffs' April 14, 2005, filing is a response to Defendants' Motions to Dismiss, that filing is untimely. To the extent that Plaintiffs' April 14, 2005, filing is an Objection to the Report and Recommendation, the Court overrules that Objection.

2

Recommendation. In his Report and Recommendation, Judge Johnson recommended granting the Motions to Dismiss. Judge Johnson also denied Plaintiffs' Motion for Stay. The time period for filing objections to the Report and Recommendation has expired, and the matter now is ripe for resolution by the Court.

### B. Allegations of Plaintiff's Complaint

Plaintiffs reside in Lafayette, Georgia. (Compl. ¶ 8; Not. Removal ¶ 4.) On July 28, 1997, Plaintiffs executed a promissory note in the amount of $64,706.00 and a security deed relating to real property located at 5787 Highway 151 in Lafayette, Georgia. (Compl. ¶¶ 8, 15; Defs. HSBC & CitiGroup's Br. Supp. Mot. Dismiss Ex. 1.)

Defendant HSBC is a chartered National Bank with its principal place of business in Buffalo, New York. (Compl. ¶ 11; Not. Removal ¶ 3.) Defendant National City is a Delaware corporation. (Compl. ¶ 9.) Defendant American Service Corporation has its principal place of business in Frederick, Maryland. (Id. ¶ 10.)

Plaintiffs contend that Defendants failed or refused to provide Plaintiffs with copies of documents or with various disclosures, that Defendants failed to give Plaintiffs proper notice of the transfer of the note, and that Defendants filed a non-judicial foreclosure against Plaintiffs without

3

providing Plaintiffs with proper notice or documents. (Compl. ¶¶ 15-20.) Specifically, Plaintiffs contend that: (1) Defendants violated 15 U.S.C.A. § 1601 et seq. by failing to provide Plaintiffs with mortgage documents (id. ¶¶ 21-24); (2) Defendants violated 15 U.S.C.A. § 1635 <u>et seq.</u> by failing to provide Plaintiffs with required notices before, during, or immediately after the settlement (id. ¶¶ 25-28); (3) Defendants violated 15 U.S.C.A. § 1639(a)(1)(A) by failing to provide Plaintiffs with two required statements (id. ¶¶ 29-32); (4) Defendants violated 15 U.S.C.A. § 1638 by failing to provide Plaintiffs with disclosure statements (id. ¶¶ 33-36); (5) Defendants violated 12 C.F.R. § 226 by failing to provide Plaintiffs with required disclosures in paper form (id. ¶¶ 37-40); (6) Defendants violated 12 C.F.R. § 226.18 by failing to disclose to Plaintiffs or to give Plaintiffs settlement documents concerning the right to rescind or cancel (id. ¶¶ 41-44); (7) Defendants violated 12 C.F.R. § 226 by failing to provide Plaintiffs with a separate form to cancel (id. ¶¶ 45-48); (8) Defendants violated 12 C.F.R. § 226 by failing to give Plaintiffs interest disclosures (id. ¶¶ 49-52); (9) Defendants violated 12 C.F.R. § 226.18(c) and 12 U.S.C.A. § 2601 by failing to give Plaintiffs a good faith estimate (id. ¶¶ 53-56); (10) Defendants violated 12 C.F.R. § 226.18(p) by failing to give Plaintiffs a statement indicating that the

4

consumer should refer to the appropriate contract document and clause for information about nonpayment, default, and the right to accelerate (id. ¶¶ 57-60); (11) Defendants violated 12 C.F.R. § 226.23(b)(1) by failing to give Plaintiffs notice of the right to rescind (id. ¶¶ 61-64); (12) Defendants violated the Consumer Credit Protection Act, 15 U.S.C.A. § 1601 et seq. and Regulation Z, 12 C.F.R. Part 226, by failing to make required disclosures to Plaintiffs (id. ¶¶ 65-68); (13) Defendants violated 12 C.F.R. § 226.4 by failing to disclose to Plaintiffs the amount of the balance to which the rate applied and an estimation of how the balance was determined, and by failing to disclose the fact that the balance was determined without first deducting all credits and payments made (id. ¶¶ 69-72); (14) Defendants violated 12 C.F.R. § 226.21 by failing to disclose in connection with the acceleration statement the amounts, itemized and identified by type, of charges other than finance charges debited to the account during the acceleration period (id. ¶¶ 73-76); (15) Defendants violated 12 U.S.C.A. § 2610 et seq. by inflating acceleration fees (id. ¶¶ 77-80); (16) Defendants violated 12 C.F.R. § 226.18(p) by failing to disclose the date by which, or the time period within which, the new balance or any portion of the new balance, must be paid to avoid additional finance charges (id. ¶¶ 81-84); (17) Defendants violated 15

5

U.S.C.A. § 1601 <u>et seq.</u> by failing to provide Plaintiffs with signed copies of the complete mortgage within a reasonable amount of time (<u>id.</u> ¶¶ 85-88); (18) Defendants violated 15 U.S.C.A. § 1601 <u>et seq.</u> and Regulation Z by failing to give required sentences in various loan documents (<u>id.</u> ¶¶ 89-92); (19) Defendants violated 15 U.S.C.A. § 1601 <u>et seq.</u> by failing to disclose that settlement fees cannot be a part of the amount financed (<u>id.</u> ¶¶ 93-96); (20) Defendants violated 12 U.S.C.A. § 2601 <u>et seq.</u> by failing to disclose that the loan obtained has an interest rate that is different than the rate contained in the Preliminary Disclosures and that does not fall within the tolerances (<u>id.</u> ¶¶ 97-100); (21) Defendants violated 12 U.S.C.A. § 2601 by failing to disclose that the loan obtained required origination fees (<u>id.</u> ¶¶ 101-104); (22) Defendants violated Regulation Z and 15 U.S.C.A. § 1601 by failing to give Plaintiffs a three-day "cooling off" period (<u>id.</u> ¶¶ 105-108); (23) Defendants violated 15 U.S.C.A. § 1601 and 12 C.F.R. § 226.18 by failing to make required disclosures clearly and conspicuously in writing (<u>id.</u> ¶¶ 109-112); (24) Defendants violated 12 U.S.C.A. § 2601 <u>et seq.</u> and 15 U.S.C.A. § 1601, <u>et seq.</u>, by failing to give proper notice for accelerating the loan transaction (<u>id.</u> ¶¶ 113-116); and (25) Defendants violated O.C.G.A. § 23-2-114 and O.C.G.A. § 44-14-160 by failing to give Plaintiffs notice of the foreclosure

6

until after the foreclosure sale occurred (id. ¶¶ 117-18.)

II.  **Standard of Review for a Report and Recommendation**

28 U.S.C.A. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The Court therefore must independently consider those factual issues to which the parties object. Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). Legal conclusions, of course, are subject to de novo review regardless of whether a party specifically objects. United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

III. **Discussion**

A.  **Standard Governing a Motion to Dismiss**

The standard for a court to dismiss a claim is whether "it appears beyond doubt that the plaintiff can prove no set of facts to support his claim." GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). When considering a motion to dismiss,

the Court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiffs." White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999). However, "[a]s a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996).

When evaluating a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) strictly as a motion to dismiss, the Court cannot, as a general rule, consider matters outside the complaint. Fuller v. Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). Under Rule 12(b)(6), however, the Court may elect to consider documents outside the pleadings. Prop. Mgmt. & Invs., Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985). In that case, the Court must treat the motion to dismiss as a motion for summary judgment. Id.

An exception to the above rule arises, however, when the plaintiff's complaint refers to documents that are central to the plaintiff's case. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). In such a situation, "the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for

summary judgment." Id. Furthermore, under Rule 10(c) of the Federal Rules of Civil Procedure, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). The Court therefore properly may review any document so attached without converting the motion to dismiss into a motion for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994); Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985).

Here, Plaintiffs' Complaint refers to a residential mortgage transaction. Plaintiffs, however, did not attach documents related to that transaction to their complaint. In support of their Motion to Dismiss, Defendants HSBC and CitiGroup attached a copy of a security deed signed by Plaintiffs and a Deed Under Power evidencing the foreclosure sale. (Defs. HSBC & Citigroup Mot. Dismiss Exs. 1-2.) The Court agrees with Judge Johnson that the Court properly may consider those documents without converting the Motions to Dismiss into Motions for Summary Judgment. (Report & Recommendation at 6.)

    B.    **Plaintiffs' Claims Against HSBC, CitiGroup, and National**

        1.    **Plaintiffs' Claim for Rescission Under the Truth and Lending Act ("TILA")**

In their response to Defendants' Motions to Dismiss,

Plaintiffs conceded that they had no right of rescission under TILA. (Pls.' Resp. Defs.' Mot. Dismiss at 3-4.) The Court therefore grants the Motions to Dismiss to the extent that the Motions pertain to Plaintiffs' claims for rescission under TILA.

### 2. Plaintiffs' Other TILA and Real Estate Settlement Procedures Act ("RESPA") Claims, Plaintiffs' Claims Under Regulation Z, and Plaintiffs' Claims Under Regulation X

Judge Johnson concluded that the applicable statutes of limitation barred Plaintiffs' TILA and RESPA claims, as well as Plaintiff's claim arising under Regulation Z. (Report & Recommendation at 7-8 & n.4.) The Court agrees with Judge Johnson that Plaintiffs' TILA, RESPA, and Regulation Z claims clearly are time-barred. (Id.) The Court therefore grants the Motions to Dismiss with respect to Plaintiffs' TILA, RESPA, and Regulation Z claims.

The Court also agrees with Judge Johnson that Plaintiffs failed to make specific allegations that Defendants violated Regulation X, which was promulgated under RESPA. (Report & Recommendation at 8 n.5.) Consequently, the Court grants the Motions to Dismiss with respect to Plaintiffs' claims relating to Regulation X.

### 3. Plaintiffs' Claim for Recoupment

Judge Johnson found that Plaintiffs' claim for recoupment also was without merit. (Report & Recommendation at 8-9.)

10

The Court agrees with Judge Johnson, and grants the Motions to Dismiss with respect to Plaintiffs' claim for recoupment. (Id.)

### 4. Plaintiffs' Claim for Wrongful Foreclosure

Count 25 of Plaintiffs' Complaint alleges that Defendants wrongfully foreclosed on the property because Plaintiffs did not receive notice of the foreclosure until after the foreclosure occurred. (Compl. ¶¶ 117-118.) Plaintiffs allege that Defendants' conduct violated O.C.G.A. § 23-2-114 and O.C.G.A. § 44-14-160. The Report and Recommendation does not specifically address Plaintiffs' wrongful foreclosure claim; therefore, the Court will evaluate the claim.

O.C.G.A. § 44-14-160 simply provides:

> When the holder of a deed to secure debt or a mortgage forecloses the same and sells the real property thereby secured under the laws of this state governing foreclosures and sales under power and the purchaser thereof presents to the clerk of the superior court his deed under power to have the same recorded, the clerk shall write in the margin of the page where the deed to secure debt or mortgage foreclosed upon is recorded the word "foreclosed" and the deed book and page number on which is recorded the deed under power conveying the real property; provided, however, that, in counties where the clerk keeps the records affecting real estate on microfilm, the notation provided for in this Code section shall be made in the same manner in the index or other place where the clerk records transfers and cancellations of deeds to secure debt.

O.C.G.A. § 44-14-160. Plaintiffs also contend that Defendants violated O.C.G.A. §23-2-114. That statute states:

11

AO 72A
(Rev. 8/82)

> Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of sale shall be that pointed out for public sales. Unless the instrument creating the power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or successor of the grantee in a mortgage, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, or an assignee thereof, or his personal representative, heir, heirs, legatee, devisee, or successor may exercise any power therein contained; and such powers may be so exercised regardless of whether or not the transfer specifically includes the powers or conveys title to the property described. A power of sale not revocable by death of the grantor or donor may be exercised after his death in the same manner and to the same extent as though the grantor or donor were in life; and it shall not be necessary in the exercise of the power to advertise or sell as the property of the deceased nor to make any mention of or reference to the death.

O.C.G.A. § 23-2-114.

"The right of sale arises from a contract, but breach is a tort compensable at law." Brown v. Freedman, 222 Ga. App. 213, 214, 474 S.E.2d 73, 75 (1996). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." 222 Ga. App. at 214, 474 S.E.2d at 75. To assert a claim for wrongful foreclosure arising under Georgia law, a plaintiff must demonstrate that: (1) the foreclosing party owed the plaintiff a legal duty; (2) the foreclosing party breached the legal duty it owed to the plaintiff; (3) a causal connection

12

exists between the breach of the legal duty and the injury to the plaintiff; and (4) the plaintiff suffered damages. Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004).

"Powers of sale contained in deeds to secure debt are matters of contract, and, therefore, they will be enforced as written." Matter of Green Forest, Inc., 200 B.R. 956, 960 (Bankr. M.D. Ga. 1996) (citing Plainville Brick Co. v. Williams, 170 Ga. 75, 152 S.E. 85 (1930)); Rapps v. Cooke, 246 Ga. App. 251, 253, 540 S.E.2d 241, 242-43 (2000). "'[W]hen a power of sale is exercised all that is required of [the foreclosing party] is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith.'" 222 Ga. App. at 215, 474 S.E.2d at 76 (quoting Kennedy v. Gwinnett Commercial Bank, 155 Ga. App. 327, 330, 270 S.E.2d 867 (1980)) (internal quotation marks omitted) (alterations in original).

Here, the Security Deed provided:

> 14. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or

13

Lender when given as provided in this paragraph.

(Defs. HSBC & CitiGroup's Br. Supp. Mot. Dismiss Ex. 1 ¶ 14.)

The Security Deed also stated:

> 21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate afer acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
> If Lender invokes the power of sale, Lender shall give a copy of a notice of Sale to Borrower in the manner provided in paragraph 14 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines.

> Lender or its designee may purchase the Property at any sale.
> Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to the expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the applicable law.
> If the Property is sold pursuant to this paragraph 21, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

(Id. ¶ 21.)

Defendants have presented a Deed Under Power evidencing the foreclosure sale of the property. (Defs. HSBC & CitiGroup's Br. Supp. Mot. Dismiss Ex. 2.) The Deed Under Power states, in relevant part:

> WHEREAS, Borrower executed and delivered that certain Security Deed given by Willie Womble and Priscilla Womble to Altegra Credit Company, dated July 28, 1997, recorded in Deed Book 837, Page 724, Walker County, Georgia Records, as last transferred to HSBC Bank USA, as trustee in trust for Citigroup Mortgage Loan Trust, Inc., asset backed pass through certificates series 2003-HE-3 by assignment, recorded in Deed Book *_____, Page *_____, Walker County, Georgia Records, conveying the after-described property to secure a

15

Note in the original principal amount of SIXTY-FOUR THOUSAND SEVEN HUNDRED SIX AND 0/100 DOLLARS ($64,706.00);

WHEREAS, default in the payment of the required installments under said Note occurred, and by reason of said default, Lender elected, pursuant to the terms of the Security Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, said entire indebtedness still being in default, Lender on behalf of Borrower, and according to the terms of said Security Deed, did advertise said property for sale once a week for four weeks immediately preceding said sale in a newspaper in Walker County, Georgia, wherein the Sheriff carried his advertisements, namely The Walker County Messenger; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. Section 44-14-162.2 and Section 44-14-162.4. The notice so required was rendered by mailing a copy of the Notice of Sale submitted to the publisher to the "Debtor" (as that term is defined in O.C.G.A. Section 44-14-162.1) at least fifteen days prior to the foreclosure sale date on September 7, 2004; and

WHEREAS, Lender did expose said property for sale to the highest bidder for cash on the first Tuesday in September, 2004 within the legal hours of sale at the usual place for conducting Sheriff's sales in Walker County before the Courthouse door, and offered said property for sale at public outcry to the highest bidder for cash when and where the aforesaid Party of the Second Part bid FORTY-FOUR THOUSAND TWO HUNDRED AND 0/100 DOLLARS ($44,200.00); AND

WHEREAS, the said property was knocked off to the Party of the Second Part for the aforementioned sum of money in cash.

(Id.)

Plaintiffs' Complaint contains no allegations that

16

Defendants did not advertise and sell the property according to the terms of the security deed. The Complaint also does not contain allegations that the foreclosure sale was not conducted in good faith. Plaintiffs therefore have failed to state a claim for wrongful foreclosure under § 23-2-114.

Further, even though Plaintiffs contend that they did not receive notice of the foreclosure, the Security Deed only required Defendants to provide notice of the foreclosure to Plaintiff by first class mail at the address Plaintiffs had provided to Defendants. (Defs. HSBC & CitiGroup's Br. Supp. Mot. Dismiss Ex. 1 ¶¶ 14, 21.) The Security Deed further stated that notice would be deemed given when made according to the terms of the Security Deed. (Id. ¶ 14.) Consequently, the fact that Plaintiffs claim that they did not actually receive the notice is irrelevant. Rapps, 246 Ga. App. at 253, 540 S.E.2d at 243 ("[G]iven the express language of the notice provision, 'the actual receipt (or want of receipt) by the grantor of the notice of sale under power is immaterial to the right of the grantee to sale under power.'") (quoting McCollum v. Pope, 261 Ga. 835, 835-36, 411 S.E.2d 874 (1992)); see also in re Davis, 216 B.R. 898, 909 (Bankr. N.D. Ga. 1997) (stating that notice of foreclosure is complete upon mailing to address of record with creditor; debtor's actual receipt of notice is immaterial). Plaintiffs thus have not stated a claim for

17

wrongful foreclosure based on their contention that they did not receive notice of the foreclosure sale.

For the above reasons, the Court concludes that Plaintiffs' Complaint fails to state a claim for wrongful foreclosure. The Court therefore grants the Motions to Dismiss with respect to that claim.

### C.  Plaintiffs' Claims Against Defendant America's Servicing Company

Judge Johnson observed that the Court should dismiss this case as to Defendant America's Servicing Company because the Complaint fails to allege specific wrongful acts allegedly committed by that Defendant, as well as for the reasons set forth supra Part III.B. (Report & Recommendation at 9-10.) The Court agrees with Judge Johnson that Plaintiffs' Complaint fails to state a claim for relief against Defendant America's Servicing Company, and dismisses Plaintiffs' claims against Defendant America's Servicing Company.

### D.  Amendments

Finally, Judge Johnson concluded that it was not necessary to permit Plaintiffs to amend their Complaint, because Plaintiffs had not filed a motion to amend and because any such amendment would be futile. (Report & Recommendation at 10-11.) The Court agrees with Judge Johnson, and dismisses this case with prejudice.

18

### E. Doe Defendants

Plaintiffs' Complaint also named as Defendants "Does 1 to 20." Plaintiffs have not moved to amend the Complaint to identify those Defendants. Consequently, dismissal of this case in its entirety is appropriate.

### F. Summary

In sum, the Court grants the Motion to Dismiss filed by Defendants HSBC and Citigroup, as well as the Motion to Dismiss filed by Defendant National City. The Court dismisses Plaintiffs' claims against Defendant America's Servicing Company and Defendants Does 1 to 20 as well.

## IV. Conclusion

ACCORDINGLY, the Court **GRANTS** the Motion to Dismiss filed by Defendant HSBC Bank USA and Defendant Citigroup Mortgage Loan Trust, Inc. [3], **GRANTS** the Motion to Dismiss filed by Defendant National City Home Loan Services, Inc., f/k/a Altegra Credit Company [6], **ADOPTS** the Report and Recommendation of United States Magistrate Judge Walter E. Johnson [13], and **OVERRULES** Plaintiffs' Response to Defendants' Motion to Dismiss [14]. The Court **DISMISSES** this case **WITH PREJUDICE.** The Court **DIRECTS** the Clerk to **CLOSE**

19

this case.

IT IS SO ORDERED, this the 28th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

20